690

DR. RAFAEL U. LANGE, Plaintiff and Appellant, *v.* ALEJAN-DRINA HONORÉ RIVERA ET AL., Defendants and Appellees.

No. 6997. Argued March 25, 1936.—Decided June 9, 1937.
Rehearing denied July 31, 1937.

*José Sabater* for appellant. *E. Báez García* for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

As a result of a serious operation, Víctor Honoré died on January 16, 1926. For over twenty years prior to his death he had almost exclusively called upon Dr. Lange, the present appellant, for professional attention. On March 31, 1931, Dr. Lange filed a complaint to recover the alleged balance of the reasonable value of the services rendered to Víctor Honoré, against his heirs. A demurrer on the ground that the action had prescribed was overruled. The defendants answered averring payment and prescription. The District Court of Mayagüez finally rendered judgment dismissing the complaint with costs against the plaintiff.

It transpires, according to the court below, that on the 23rd of January, 1928, the heirs of Honoré paid the plaintiff $3,800 in full settlement of his claim against their father. So that if the court was right, as we think it was, it would become unnecessary to discuss the various other questions of prescription, acknowledgment, new promise, consideration, stated accounts and perhaps other matter set forth in appellant's brief. We shall, nevertheless, do so at a certain extent.

■ As the first error the appellant questions the correctness of the lower court's application of the case of *Marchán v. Eguen,* 44 P.R.R. 396, and elaborately asks for a change in our jurisprudence. That case decided that a "doctor" was included within the term "professor" of section 1867 of the Civil Code (1930 ed.), and that an action for his services was limited to three years. The appellant does not convince us that the reasoning of that case was mistaken and on the issue decided by it, the case is still the law of Puerto Rico.

■ The second assignment is that the court should not have decided that there could be no interruption, by acknowledgment, of the prescriptive period of three years. The appellant cites jurisprudence from the reports of the State of California. In none of them do we find the appellant's contention supported. They hold, it is true, that an acknowledgment of a debt made after the statute of limitations has run, may be interpreted as a new promise to pay with the old promise as consideration. They also express the principle that in California the Statute of Limitations merely bars the remedy but does not extinguish the debt. The cases we find are uniform in holding that once the prescriptive period has run the action can no longer be based on the old promise, obligation, or contract, but must be based on a new promise, express or implied, which must be pleaded. Without considering the possible effect of section 41 of the Code of Civil Procedure (1933 ed.) we agree with the trial court that with regard to any and all the services rendered prior to three years before June 28, 1928, the date when the alleged acknowledgment took place, there could be no interruption of prescription. It is impossible to interrupt what has already happened. See Manresa Civil Code, vol. 12, p. 817, (4th ed.).

■ The third assignment of error refers to the trial court's interpretation of section 48 of the Code of Civil Procedure (1933 ed.). Appellant maintains that the court should have decided that an acknowledgment of the debt had actu-

ally taken place in one or more of four different ways, to wit,—

(1) By payment on account;

(2) By judicial acknowledgment of the debt;

(3) By suspension in the proceedings for judicial administration, because of the death of the debtor;

(4) By admission in the pleadings.

Section 48, *supra,* is the exact equivalent of section 360 of the corresponding Code of California, and reads:

"No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case of the operation of this Title, unless the same is contained in some writing, signed by the party to be charged thereby."

The appellant discusses the section from the point of view of interruption of prescription. Except as to the year immediately preceding Víctor Honoré's death, a finding that prescription was interrupted by the first alleged act of acknowledgment, i. e., the payment of $3,800 by the heirs of Honoré on January 23, 1928, would fall short of creating a cause of action as to the other 22 years of professional services. In this we agree with the lower court. We also are in accord with the district court when it holds that the appellant must maintain his action on a new promise and not on an interruption of the prescriptive period if he seeks to recover for all of the services. Looking at the case in the most favorable light for the appellant, and assuming for the moment that he expressly pleaded a new promise or contract, we can only accept as facts: (1) the payment of $3,800 on January 23, 1928; (2) a statement, in an opposition to the naming of a commissioner (*contador partidor*), as follows: "Paid to Dr. Lange, as per receipt in our possession . . . . $3,800," and later in the same proceeding when tabulating the debts of the estate: "Fees to Dr. R. U. Lange . . . . $10,000.00"; (3) a claim for doctor's fees presented under oath to the judicial administrator.

We have examined the cases cited by the appellant and they do not support his interpretation of the section with the conclusiveness that he assumes. The majority of them are not in point and many only hold that the writing need not be signed by the party as long as his consent or assent to what is written is otherwise clear. In all of them the writing was executed by the debtor himself and in most, if not all, in his own handwriting. A closer study of the California jurisprudence has left us with the impression that section 48 (section 360 in California) is to be strictly construed. As to the question of evidence admitted because of a failure to make the proper objection, and the possible application of the case of *Heirs of Martínez* v. *Fernández,* 19 P.R.R. 136, there is no necessity to say any more than that case was not one where as here the plaintiff was relying on a mere acknowledgment but where a new promise had been pleaded.

On the other hand, and assuming that the case cited is applicable, the fact remains that the lower court found that no new promise, express or implied, had proceeded from the heirs of Honoré to Dr. Lange.

The payment of $3,800 was not satisfactorily proven to have been a part payment. The other statements already referred to were not unqualified statements made to the appellant and were not enough to constitute a promise to pay so as to create a new obligation. The court, therefore, did not commit the third error.

 We fail to see how the court committed error in not considering this suit as one on an account stated, or in deciding that prescription ran on the services from the termination of each specific illness. As to the nature of the suit, it is evident from the report of the trial and the brief, that the appellant did not rely upon an account stated but more especially upon an interruption of prescription. Furthermore, we agree with the appellees that the evidence pres-

ented and admitted was far from sufficient to show such an account. The principle of an account stated depends ordinarily upon an agreement between the parties that a certain account is correct. This agreement may be express, or may be implied from the failure of the debtor to raise any objection within a reasonable time after the presentation of the account by the creditor or perhaps by other acts of the debtor. It is essentially a new contract which is unimpeachable in its terms except for fraud or mistake. The only strong evidence tending to show such an account was rejected by the court and we find no error in its failure to admit it. When we consider that the attempt to set up an account stated was one supposed to have been agreed upon between a creditor and the heirs of a debtor, it is reasonable that a court should require stronger evidence of such an account than it had related to the debtor himself.

As to the time when the prescriptive period should begin to run we hold that unless a continuing contract was definitely established between Dr. Lange and the predecessor of the defendants, such period should commence at the end of each specific illness. This finds a close analogy in the case of the services of an attorney where that rule holds with regard to each suit. There is no evidence of such a continuing contract in this case.

The fifth error goes to the holding of the lower court with regard to the payment of $3,800. The appellant in his brief apparently forgets that the alleged receipt in which the "payment on account" phrase appears, was rejected by the lower court. The burden of proof was on the appellant to show a part payment or a new promise, etc., and he could not shift the burden to the appellee to prove the contrary by the mere introduction of some evidence tending to support his position.

We do not think it necessary to discuss the reasonable value of the services rendered during the last three

years of Honoré's life, since it is our opinion that the plaintiff's cause of action had entirely prescribed at the time he brought his suit. Section 41 of the Code of Civil Procedure (1933 ed.) reads:

"If a person entitled to bring an action die before the expiration of the term limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives, after the expiration of that time, and within one year from his death. If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

The suit in this case was not brought until almost two years after the judicial administrator was appointed and when the statute of limitations had run. Furthermore, we have some doubt as to whether the section is applicable considering our decision in the case of *Rosado* v. *Succession of Matta,* 19 P.R.R. 291.

The appellant cites from 16 Cal. Jur., sec. 93, p. 491, to the effect that the death of a debtor suspends the running of the statute of limitations and that it does not begin to run again until his administrator is appointed. The section has been misinterpreted by the appellant, if we are to accept his translation, for upon reading the English version, it becomes apparent that the suspension referred to, only takes place when the cause of action accrues after the death of the obligor and before the administrator is appointed. It does not apply to a case like the present one where the action, except as to the debtor's last illness, accrued before his death. In the case before us the death merely gives the creditor a right to bring an action within one year after appointment of the administrator, assuming of course, that the prescriptive period has run before such appointment or within said year thereafter.

There is a sixth error as to costs. We feel that the lower court committed no abuse of discretion in awarding costs to the defendants.

Judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.

ON MOTION FOR REHEARING

July 31, 1937.

MR. JUSTICE WOLF delivered the opinion of the court.

We are not at all convinced that the costs should not be imposed in this case especially as in addition to the matter of prescription, the court below as affirmed by us, held that the amount of $3,800 paid to the doctor was in total settlement of his claim. Nevertheless, the appellant, when the memorandum of costs is filed, will have the opportunity to urge the limitation of the fees and a subsequent appeal.

The motion for reconsideration should be overruled.

Mr. Justice Córdova Dávila took no part in the decision of this case.